UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LENISHA PERRY,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**GORDON FOOD SERVICE, LLC, and JOE LECLAIRE,**<br><br>　　　　　Defendants. | **2:25-CV-13946-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>**(ECF NO. 10)** |

## I.　INTRODUCTION

Plaintiff Lenisha Perry brought this case against Defendants Gordon Food Service, LLC and Joe LeClaire in the Genesee County Circuit Court, asserting claims for racial discrimination and intimidation under state law, assault and battery, and violation of 42 U.S.C. § 1981. ECF No. 1, PageID.9–16. On December 9, 2025, Defendants timely removed the case to federal court on the grounds of federal question jurisdiction. ECF No. 1. Defendants then filed an answer to Plaintiff's Complaint on December 12, 2025. ECF No. 7.

On December 30, 3035, Plaintiff filed her First Amended Complaint, removing her federal claim in Count IV of her original Complaint. ECF No. 9. That same day, Plaintiff filed a motion to remand the case back to state court. ECF No. 10. The motion is fully briefed and ready for consideration. ECF Nos. 12, 13. For the reasons that follow,

Plaintiff's Motion to Remand will be **GRANTED** and the case will be **REMANDED** to state court for further proceedings.

## II. LEGAL STANDARD

Section 1447(c) of Title 28 of the United States Code directs a district court to remand a case to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing jurisdiction falls on the party seeking removal." *Craighead v. Heckman*, No. 23-12252, 2023 WL 8828677, at *1 (E.D. Mich. Dec. 21, 2023) (Grey, J.) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

> Generally speaking, a case arises under federal law if the cause of action is created by federal law, that is, where federal law provides a right to relief. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citations omitted); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (holding that "[a] suit arises under the law that creates the cause of action"); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (observing that the " 'vast majority' of cases that come within [section 1331's] grant of jurisdiction are covered by Justice Holmes' statement [in *American Well Works*]").

*Partlow v. Person*, 798 F. Supp. 2d 878, 883 (E.D. Mich. 2011) (Lawson, J.).

## III. DISCUSSION

Because Plaintiff asserted a claim under 42 U.S.C. § 1981, this case was properly removed to federal court by Defendants. Plaintiff, however,

2

has since filed a First Amended Complaint asserting only state law claims. *See* ECF No. 9. Plaintiff then filed the instant Motion to Remand, stating that she 'has dismissed her federal claim" and requests that the case be remanded back to the Genesee County Circuit Court. ECF No. 10.

Defendants filed a response to the motion to remand. ECF No. 12. Defendants note that Paragraph 1a of Plaintiff's First Amended Complaint states that "the Plaintiff incorporates by reference her original Complaint and Jury Demand, filed in Genesee County Circuit Court, attached hereto as Ex. 1," and contends that if Plaintiff is incorporating all allegations in her original Complaint into her Amended Complaint, that would include the federal claim in Count IV of the original Complaint. *Id.* PageID.101 (citing ECF No. 9, PageID.60). Defendants continue that "[p]rovided that Plaintiff is not intending to incorporate the federal claim into her Amended Complaint, Defendants do not oppose Plaintiff's Motion to Remand." *Id.* PageID.102.

Plaintiff filed a reply brief in which she asserts "that it was/is Plaintiff's intent to totally withdraw the Federal claim based on 42 U.S.C. § 1981, and the incorporation of the previous pleading in (1a) of the Amended pleading was in no way intended to incorporate by reference Plaintiff's 42 U.S.C. § 1981 claim, which Plaintiff always intended to, and hereby does, withdraw as set forth in the Amended Complaint." ECF No. 13.

3

While "subject matter jurisdiction is determined by examining the Complaint as it is filed and ... a court continues to enjoy subject matter jurisdiction over an action which presented a federal question when filed even though a plaintiff amends his complaint to remove a federal claim," *Soulliere v. Berger*, No. 13-CV-12028, 2013 WL 12182018, at *3 (E.D. Mich. Oct. 17, 2013) (Borman, J.), "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, (6th Cir. 2013). Plaintiff filed a First Amended Complaint as of right that contains no federal claims, and that First Amended Complaint supersedes Plaintiff's original Complaint. Further, Plaintiff affirmatively states that she is dismissing or withdrawing her federal claim. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citation omitted).

Because this case was only recently removed, Plaintiff has acted swiftly to withdraw her 42 U.S.C. § 1981 claim, and Defendants state that they do not oppose remand if no federal claim is asserted in the First

5

Amended Complaint, the Court finds in the exercise of its discretion that Plaintiff's Motion to Remand should be **GRANTED**.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand, ECF No. 10, is **GRANTED**, and the case is **REMANDED** to state court.

**IT IS SO ORDERED.**

Dated: January 12, 2026      /s/Terrence G. Berg
                                         HON. TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE